IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFERY A. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:12-cv-438 |
| DAVIDSON COUNTY SHERIFF'S OFFICE, and CORRECT CARE SOLUTIONS, | ) ) ) Judge Sharp |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Jeffery A. Brooks, a state inmate presently detained at the Metro-Davidson County Detention Facility, filed his *pro se* complaint (ECF No. 1) against defendants the Davidson County Sheriff's Office and Correct Care Solutions, Inc., purportedly asserting claims under 42 U.S.C. § 1983 for violation of his federal constitutional rights. The plaintiff also submitted an Application to Proceed *in Forma Pauperis*. The complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(b)(2) and 1915A(a).

**I.  Factual Allegations in the Complaint**

The plaintiff alleges that on June 22, 2011, while he was incarcerated at the Davidson County Sheriff's Office, he had a tooth pulled by a dentist employed by Correct Care Solutions, the entity that contracts with the Davidson County Sheriff's Office to provide medical care to inmates incarcerated there. The plaintiff asserts that the dentist was extremely rough and unprofessional, that he broke plaintiff's tooth during the extraction, and that he failed to fully extract the subject tooth. Thereafter, the plaintiff was given medication that did not help his pain; he filled out medical request forms at the jail for additional pain medication from June 24 through June 30, 2011, but these requests did not receive a response. The plaintiff alleges that he was still pulling out broken parts of tooth and gum for several days following his visit to the dentist.

On July 1, 2011, the plaintiff was transferred from the Davidson County Sheriff's Office to the Metro-Davidson County Detention Facility ("MDCDF"), which is operated by CCA. On July 2, after his transfer, the plaintiff was given five days' worth of pain medication.

The plaintiff also alleges that he is considered to have a chronic illness due to high blood pressure and heart "flutter." (ECF No. 1, at 5.) At the time he was transferred to the MDCDF, his medical records and medications should have been transferred with him but they were not. The records and medication of all the other inmates transferred at the same time as the plaintiff accompanied those inmates to MDCDF at the time of the transfer. The plaintiff claims that without his medication, his blood pressure was so high that the medical staff at MDCDF were checking it twice a day, but because Correct Care Solutions and the Davidson County Sheriff's Office had failed to send his medication or medical records, no one at the MDCDF could give him medication until he saw a medical doctor, which did not occur until 45 days after his transfer. The plaintiff asserts that his blood pressure was as high as 181/168.

On the basis of these allegations, the plaintiff asserts that the Davidson County Sheriff's Office and Correct Care Solutions were negligent concerning his health. The plaintiff does not assert claims against anyone at MDCDF.

## II.     Analysis and Discussion

Under the Prison Litigation Reform Act, this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it seeks redress from a governmental entity, official or employee, 28 U.S.C. § 1915A, or if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (emphasis added), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under § 1983, the plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Plaintiff Fails to Allege a Violation of his Federal Rights

The allegations in the present complaint do not suggest that plaintiff meets the first part of this test, that is, that he was deprived of rights secured by the U.S. Constitution or federal law by the named defendants.

In order to state a claim under § 1983 based on the failure to provide medical care, a plaintiff must allege facts which, if true, suggest that the defendant was deliberately indifferent to the plaintiff's serious medical condition. When a prison official's inattention to a prisoner's serious medical need amounts to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only [to] that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

Thus, a prisoner's claim that he has received inadequate medical treatment does not always state a violation of the Eighth Amendment. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–06 (internal quotation marks omitted). In other words, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Ward v. Smith*, No. 95-6666, 1996 WL

627724, at *1 (6th Cir. Oct. 29, 1996) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *See Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) ("Misdiagnoses, negligence, and malpractice are not, however, tantamount to deliberate indifference").

In the present case, the plaintiff's allegations indicate that the dentist employed by Correct Care Solutions was negligent in his treatment of the plaintiff. The plaintiff alleges that the dentist was rough and unprofessional, did not fully extract the tooth, and did not provide him with adequate medication to manage the pain. He also complains that Correct Care Solutions ignored his requests for stronger pain medication. The plaintiff does not allege that he did not receive medical care; he simply was dissatisfied with the quality of the care he received. Consequently, although the plaintiff may potentially be able to state a claim under state law for medical malpractice, he has not asserted a violation of his rights under the Eighth Amendment based upon his dental care.

Likewise with respect to the defendants' failure to ensure that the plaintiff's medications and medical records accompanied him to the MDCDF, the plaintiff does not allege that this failure was intentional or malicious. He asserts that it was negligent and contrary to established policy. Mere negligence, while potentially giving rise to a state-law tort claim, does not give establish a violation of federal law. Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted, and the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

### B. Plaintiff Fails to State Claims against Correct Care of the Sheriff's Office

Even if he had stated a claim under the Eighth Amendment, the plaintiff has not named as defendants the individual dentist or other officials employed by Correct Care Solutions or the Davidson County Sheriff's Office whose negligence allegedly gave rise to the plaintiff's injuries. The plaintiff appears to have named Correct Care Solutions and the Davidson County Sheriff's Office solely on the basis that they employ the individuals who acted negligently. While a private entity or a municipality that contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting "under color of state law," *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir.1993), neither a municipality nor a corporation can be held liable for an individual's

- 4 -
Case 3:12-cv-00438   Document 3   Filed 05/08/12   Page 4 of 5 PageID #: 22

actions based upon a theory of *respondeat* superior or vicarious liability. *Street*, 102 F.3d at 818 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, a plaintiff that sues a corporation or a municipality for constitutional violations under § 1983 must establish that a policy or custom of the corporation or municipality actually caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 817–18; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

The plaintiff has not pleaded facts demonstrating that any of the allegedly wrongful actions was taken pursuant to a policy or custom adopted either by Correct Care Solutions or the Davidson County Sheriff's Office. Because the defendants cannot be liable under a theory of *respondeat superior* for the actions of their individual employees, the plaintiff has failed to state a claim against either of these defendants based upon the negligent dental treatment or the failure to send the plaintiff's medications and records with him to MDCDF.

### III. Conclusion

For the reasons set forth herein, the Court finds that the plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and is therefore subject to dismissal. The Sixth Circuit has stated that the dismissal of a complaint under § 1915 or § 1915A "does not negate a prisoner's obligation to pay the filing fee . . . . [A] court's responsibility under the Prison Litigation Reform Act is first to examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order. *McGore*, 114 F.3d at 608.

Accordingly, an order will be entered dismissing the plaintiff's complaint and assessing the filing fee.

Kevin H. Sharp
United States District Judge